398

**Salvatore MIGNANO, Petitioner–Appellant,**

v.

**UNITED STATES of America, Respondent–Appellee.**

Docket No. 04–6153.

United States Court of Appeals, Second Circuit.

Sept. 22, 2005.

David A. Bythewood, Bythewood and Associates, Garden City, NY, for Appellant.

Jo Ann M. Navickas, Assistant United States Attorney (Emily Berger, Assistant United States Attorney, of counsel, Roslynn R. Mauskopf, United States Attorney, on the brief), United States Attorney's Of-

fice for the Eastern District of New York, Brooklyn, NY, for Appellee.

PRESENT: McLAUGHLIN, CABRANES Circuit Judges and MUKASEY * District Judge.

## SUMMARY ORDER

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the District Court is AFFIRMED.

In 1996, petitioner, a lawful permanent resident of the United States, pleaded guilty to participating in an illegal firearms dealing operation in violation of 18 U.S.C. § 922(a)(1)(A). He was sentenced principally to four years of probation. After completing his sentence, petitioner faced deportation as an aggravated felon and a purveyor of unlawful weapons, *see* 8 U.S.C. §§ 1227(a)(2)(A)(iii), (a)(2)(C), and he sought a writ of error coram nobis to vacate his conviction. The District Court denied the petition on November 4, 2004. On appeal, petitioner contends that the District Court erred in concluding that the petition was untimely and that it did not demonstrate sufficient compelling circumstances to warrant its granting.[1]

Having considered the submissions of the parties and heard oral argument, we conclude, for substantially the reasons set forth by the District Court in its thoughtful opinion dated November 4, 2004, *see*

---

\* The Honorable Michael B. Mukasey, of the United States District Court for the Southern District of New York, sitting by designation.

1. To merit a writ of error coram nobis, a petitioner must show that:

  1) there are circumstances compelling such action to achieve justice, 2) sound reasons exist for failure to seek appropriate earlier relief, and 3) the petitioner continues to suffer legal consequences from his convic-

tion that may be remedied by granting of the writ.

*United States v. Mandanici,* 205 F.3d 519, 524 (2d Cir.2000) (quotation marks and citation omitted).

  Petitioner has argued that the possibility of his deportation amounts to a continuing legal consequence that satisfies the third prong of the required showing. As the District Court did, we conclude that dismissal of the petition was proper without reaching that issue.

J.A. 112–125, that denial of the petition was proper. Accordingly, the order of the District Court is hereby AFFIRMED.

